REINCKE v. TEXAS CO.

(Supreme Court, Appellate Division, First Department. April 12, 1912.)

PLEADING (§ 317*)—BILL OF PARTICULARS.

    A contract for the sale of shipments of petroleum products provided that the seller would pay for shipments disposed of by drafts, each draft representing invoice value of each separate cargo, the shipper to be charged with the amount of the draft, together with expenses and disbursements, and to be credited with the proceeds thereof. The agreement provided that a separate account of each cargo, expenses, disbursements, credits, and sales should be rendered to the shipper at the closing out of each cargo. An assignee of the consignee sued shippers for a balance claimed to be due as the excess of amounts of drafts, disbursements, and expenses from the actual sales made, and to recover a sum due as commissions. A direction to furnish a bill of particulars of the claims was modified by striking out the requirement that plaintiff should furnish the names of the persons to whom each of the cargoes were sold.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*Held*, the name of the vendee is as much a part of the particulars of the sale as its date and amount, and the bill of particulars was improperly modified by striking such requirement.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by Edgar A. Reincke against the Texas Company. From an order moving an order, requiring plaintiff to furnish a bill of particulars, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

William R. Begg, of New York City, for appellant.
George E. Morgan, of New York City, for respondent.

DOWLING, J.   The firm of Fry, Youle & Co., of Rio Janeiro, in the Republic of Brazil, on January 21, 1910, entered into a contract with defendant, whereby the former were to dispose of shipments of petroleum products made to them by the latter, paying therefor by drafts against London credits opened by the firm, each draft representing the invoice value of each separate cargo.   After sales had been made, the defendant was to be charged with the amount of the draft, together with the disbursements and expenses incidental to the sales, and was to be credited with the proceeds of the sales.   The agreement also contained the following clause:

"A separate account of such cargo, expenses, and disbursements, credits and sales, to be kept and to be rendered to the principals (meaning the defendant herein) in detail at the closing out of each cargo, but in any event not less than every three months, at which time or quarterly periods a settlement of balances shall be made, as provided for in this agreement."

Plaintiff brings this action as assignee of the claim of Fry, Youle & Co., upon two separate causes of action:   (1) To recover a balance of $46,224.64, claimed to be due as the excess of the amounts of drafts, disbursements, and expenses over the actual sales made; (2) to recover the sum of $17,739, due for commissions on sales made.   Plaintiff, having been directed to furnish a bill of particulars of his claims, obtained an order modifying such direction by striking out the requirement that plaintiff should furnish defendant with the names of the persons to whom each of said cargoes or parts thereof were sold.   From such order of modification this appeal is taken.

Plaintiff resists giving these names upon the ground, among others, that the information desired is not sought in good faith; that the firm of Fry, Youle & Co. have built up a large business in Brazil, and have acquired a list of some 700 purchasers of petroleum and petroleum products in Brazil, whose aggregate business with the firm amounts to over $1,000,000 annually in such merchandise alone; that defendant is about to establish a sales agency of its own in Brazil; and that it desires the list for the direct introduction of its goods there.

The defendant has by its moving papers made out a proper case for the furnishing of a bill of particulars.   It is entitled to be advised of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
134 N.Y.S.—48

the names of the persons to whom the sales are alleged to have been made upon which plaintiff claims both a balance due and commissions. Plaintiff cannot by simply stating the date of a sale and its amount close the door to defendant's inquiry into the good faith or exact particulars of the sale by refusing to give the name of his vendee. Defendant has no opportunity either to advise itself of the fact of the sale or prepare its answer intelligently until it is advised of the names of individuals or firms to which its goods are claimed to have been sold. Nor could plaintiff, upon the trial, resist the disclosure of the names of these purchasers, as he claims he could do, for the name of a vendee is as much an essential element of the account of the sale as the date or the amount thereof. Had plaintiff's assignors desired to insure the secrecy of their list of customers, they should have guarded it by some appropriate provision in their agreement.

The order appealed from must therefore be reversed, with $10 costs and disbursements and the application to modify the original order for a bill of particulars denied, with $10 costs. All concur.